PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **DAVID BREWTON**, | Case No. 1:08-cv-00516 |
| Plaintiff, | |
| v. | Hon. Solomon Oliver, Jr. |
| **DEUTSCHE BANK TRUST COMPANY**, *et al.*, | |
| Defendants. | |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
### OF DEFENDANT THE GOLDMAN SACHS GROUP, INC.

Defendant The Goldman Sachs Group, Inc. ("Goldman Sachs"),[1] through its undersigned counsel, for its Answer to plaintiff David Brewton's Complaint filed January 10, 2008 (the "Complaint"), states as follows in response to each of the respective paragraphs of the Complaint:

### DEFENSES

1. Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff is a resident of the City of Cleveland. Further answering, Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman

---

[1] Plaintiff's Complaint names as a defendant "Goldman Sachs Group," which is not the name of any existing legal entity. The Goldman Sachs Group, Inc. assumes that it is the entity plaintiff intended to name and submits this Answer, Affirmative Defenses and Counterclaim subject to and without waiving any and all rights and defenses that are available to it, including but not limited to those based on lack of personal jurisdiction, and insufficient and ineffective service of process. Furthermore, by submitting this Answer, Affirmative Defenses and Counterclaim, The Goldman Sachs Group, Inc. does not make any admission that it is the legal entity that engaged in any of the alleged activities described in the allegations of the Complaint.

-2-

Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

2. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

3. Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff is a resident of the City of Cleveland. Further answering, Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

4. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except

specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

5. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

6. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

7. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

8. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs admits that mortgage loans are used as collateral for various types of

securities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

9. Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff is a resident of the City of Cleveland. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs. Goldman Sachs further denies that "[t]he propagation of sub-prime mortgages in the neighborhoods of Cleveland and the corresponding foreclosures" constitute a public nuisance under Ohio law.

10. Goldman Sachs admits that Cleveland is a city in Ohio and that certain estimates of its population indicate that there currently are over 400,000 residents of the city, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies those allegations.

11. Goldman Sachs avers that United States Census Bureau data speaks for itself, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

13. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

14. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

15. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

16. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

17. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

18. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

19. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

20. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

21. Goldman Sachs admits and avers that at the time this action was filed, The Goldman Sachs Group, Inc. was (and remains) a Delaware corporation having its principal place of business in New York City, New York. Goldman Sachs further avers that certain affiliates engage in various financial services businesses.

22. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

23. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

24. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

25. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

26. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

27. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

28. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

29. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

30. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

31. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

32. Goldman Sachs states that the allegations of this paragraph are not directed to it and therefore no response is required.

33. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs, and admits that subprime loans are often referred to as loans made to borrowers who do not qualify for prime loans.

34. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

35. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

36. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

37. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

38. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

39. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

40. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except

specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

41. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

42. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

43. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

44. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

45. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

46. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

47. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

48. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is

required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

49. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

50. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

51. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

52. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

53. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

54. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

55. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except

specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

56. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

57. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

58. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

59. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

60. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

61. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

62. Goldman Sachs avers that this paragraph contains general and unsupported factual assertions and argument to which no response is required. To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations, except specifically denies the allegations to the extent that they purport to refer to Goldman Sachs or imply wrongdoing of any nature by Goldman Sachs.

63. Goldman Sachs incorporates by reference the admissions, responses, averments, and denials set forth in paragraphs 1 through 62.

64. Goldman Sachs denies the allegations in this paragraph.

65. Goldman Sachs denies the allegations in this paragraph.

66. Goldman Sachs denies the allegations in this paragraph.

67. Goldman Sachs denies that plaintiff is entitled to any of the relief sought in the Complaint, and further denies each allegation of the Complaint not expressly admitted above.

**AFFIRMATIVE DEFENSES**

68. "Goldman Sachs Group" is not an existing legal entity.

69. The Complaint fails to state a claim upon which relief can be granted.

70. This Court lacks personal jurisdiction over Goldman Sachs.

71. Goldman Sachs was not properly served with the Summons and Complaint.

72. Plaintiff has failed to join indispensable or necessary parties.

73. Plaintiff's claim is barred in whole or in part by the doctrine of assumption of the risk or contributory negligence or Ohio Rev. Code §§ 2315.32 through 2315.36.

74. To the extent plaintiff has suffered any legally cognizable damages or harm, which Goldman Sachs denies, any such damages or harm were the direct and proximate result of actions or omissions of third parties for which Goldman Sachs has no responsibility or over which it has no control.

75. To the extent plaintiff has suffered any legally cognizable damages or harm, which Goldman Sachs denies, any such damages or harm were caused in whole or in part by others' lack of due care, negligence, intentional conduct, criminal and otherwise, or fault.

76. Plaintiff's claim is barred to the extent that plaintiff lacks standing to bring its claim.

77. Plaintiff's claim is barred to the extent that its claim was brought after the expiration of the applicable statute of limitations.

78. Plaintiff's claim is barred in whole or in part by the doctrines of laches, waiver, and unclean hands.

79. Plaintiff's claim is barred because it seeks to apply liability to Goldman Sachs in violation of the Due Process Clause of the United States and Ohio Constitutions.

80. To the extent plaintiff has suffered any legally cognizable damages or harm, which Goldman Sachs denies, plaintiff's claim is barred in whole or in part because at all relevant times Goldman Sachs has operated its businesses in compliance with applicable laws and regulations, including federal laws and regulations.

81. To the extent plaintiff has suffered any legally cognizable damages or harm, which Goldman Sachs denies, any such damages or harm were caused by intervening or superseding events, factors, occurrences, or conditions, including the intentional conduct of others, which were not caused or controlled by Goldman Sachs and for which Goldman Sachs is not liable.

82. Plaintiff has no standing to raise a claim of public nuisance.

83. Plaintiff's claim is barred in whole or in part by the separation of powers doctrine.

84. Plaintiff's claim is barred in whole or in part by the doctrine of remoteness.

85. Plaintiff's claim is in conflict with Ohio state law and regulations.

86. Plaintiff's claim is preempted in whole or in part by the Commerce Clause of the United States Constitution.

87. Plaintiff's claim is preempted in whole or in part by federal law.

88. Plaintiff's claim is barred in whole or in part by the doctrine of comity.

89. Plaintiff's claim is barred in whole or in part by the political question doctrine.

90. Goldman Sachs hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant in this action to the extent that Goldman Sachs may share in any such defense.

91. Goldman Sachs reserves the right to assert additional affirmative defenses at such time and to such extent is warranted by discovery and developments in this case.

WHEREFORE, Goldman Sachs respectfully requests that:

(1) A judgment be entered in its favor against plaintiff dismissing all claims in the Complaint with prejudice and awarding Goldman Sachs attorneys' fees and costs; and

(2) The Court grant Goldman Sachs such other and further relief as the Court deems proper.

## COUNTERCLAIM

92. Goldman Sachs repeats and realleges the responses and averments in paragraphs 1 through 90.

93. Goldman Sachs assumes that it is the entity plaintiff intended to name as a defendant in this action.

94. This Court has independent jurisdiction over this Counterclaim pursuant to diversity of citizenship, 28 U.S.C. §1332, by reason of the fact that the Plaintiff-Counterclaim Defendant alleges that he is a citizen and resident of the State of Ohio, and Defendant-Counterclaim Plaintiff Goldman Sachs is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York. The amount in controversy on this counterclaim exceeds the sum of $75,000 exclusive of interest and costs.

95. Goldman Sachs did not engage in any of the alleged unlawful activities described in the allegations of the Complaint.

96. To the extent that plaintiff seeks to hold Goldman Sachs liable for creating a public nuisance, such unfounded charges can potentially damage Goldman Sachs in its trade, business and reputation.

97. Therefore, Goldman Sachs seeks a declaratory judgment that neither Goldman Sachs nor any of its affiliates is liable to plaintiff for public nuisance.

98. Pursuant to 28 U.S.C. § 2201 there exists an actual controversy between Goldman Sachs and plaintiff as to whether Goldman Sachs is liable to plaintiff for public nuisance.

99. The controversy is now ripe for determination, because of the issuance of the plaintiff's Complaint purporting to establish liability on the part of Goldman Sachs, seeking damages and other unspecified relief.

100. Pursuant to 28 U.S.C. §§ 2201 and 2202, and for the reasons given above, Goldman Sachs is entitled to a declaratory judgment that neither Goldman Sachs nor any of its affiliates is liable to plaintiff for public nuisance.

**PRAYER FOR RELIEF**

WHEREFORE, Goldman Sachs respectfully requests judgment on its Counterclaim:

(1) Declaring that neither Goldman Sachs nor any of its affiliates is liable to plaintiff David Brewton for public nuisance; and

(2) Granting Goldman Sachs such other and further relief as the Court deems proper.

| | |
|---|---|
| Dated: March 4, 2008 | Respectfully submitted, |
| OF COUNSEL: | /s/ w. stuart dornette |
| | Stephen M. O'Bryan (0009512) |
| Gandolfo V. DiBlasi | L. Clifford Craig (0024859) |
| Richard H. Klapper | W. Stuart Dornette (0002955) |
| Michael T. Tomaino, Jr. | TAFT, STETTINUS & HOLLISTER LLP |
| SULLIVAN & CROMWELL LLP | 200 Public Square, Suite 3500 |
| 125 Broad Street | Cleveland, Ohio 44114-2302 |
| New York, New York 10004 | Telephone: (216) 241-2838 |
| Telephone: (212) 558-4000 | Facsimile: (216) 241-3707 |
| Facsimile: (212) 558-3588 | |
| | *Attorneys for Defendant The Goldman Sachs Group, Inc.* |

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 4th day of March, 2008, I caused a copy of the foregoing Answer, Affirmative Defenses and Counterclaim of The Goldman Sachs Group, Inc. to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter who are registered on the CM/ECF system.

    I hereby further certify that the following party was served, via regular U.S. mail, postage prepaid, on this 4th day of March, 2008:

  David Brewton
  P.O. Box 20055
  Cleveland, OH 44120

            /s/ w. stuart dornette
            *Attorneys for Defendant*
            *The Goldman Sachs Group, Inc.*

{W1215611.1}